120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chana WEERAPRAJUK, Defendant-Appellant.
 No. 96-35737.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chana Weeraprajuk appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Pursuant to a plea agreement, Weeraprajuk pled guilty to importation of heroin and possession of heroin with intent to distribute. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Weeraprajuk contends the government breached the plea agreement by using information which he provided in a proffer session to enhance his sentence under U.S.S.G. § 3B1.1. The record belies this contention.
 
 
 4
 Plea agreements are governed by contract law standards. See United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). In determining whether a breach of the plea agreement occurred, we look to what the defendant reasonably understood to be the terms of the agreement when he pled guilty. See id.
 
 
 5
 Here, the government had agreed that no information from the proffer session would be used against Weeraprajuk. Because it is clear from the record that the two-level enhancement for being a leader or an organizer under U.S.S.G. § 3B1.1 was based on information given to customs agents by Weeraprajuk in a post-arrest statement, not information received during the proffer session, the government did not breach the plea agreement.
 
 
 6
 Weeraprajuk also contends that the government agreed not to recommend an adjustment under U.S.S.G. § 3B1.1 and that this interpretation was reasonable because the plea agreement was ambiguous. This contention lacks merit.
 
 
 7
 Weeraprajuk's plea agreement expressly stated that the government would "recommend to the sentencing Court that the Court impose a sentence at the low end of the guideline range applicable to the defendant." The plea agreement contained no other promises by the government. The agreement also stated: "[t]he above is a full and complete statement of the plea agreement in this case. There have been no other promises or agreements, express or implied."
 
 
 8
 Under these circumstances, Weeraprajuk could not reasonably have understood that the government was forbidden by the terms of the plea agreement from arguing that Weeraprajuk should receive a two-level increase under U.S.S.G. § 3B1.1. See De la Fuente, 8 F.3d at 1337. Accordingly, Weeraprajuk's sentence is
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3